UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MAUREEN PREGONI,
        Plaintiff,

v.                                                                              C.A. No. 11-424 ML

THE TJX COMPANIES, INC.,
HOMEGOODS, INC., d/b/a
HOMEGOODS,
        Defendants.

## MEMORANDUM AND ORDER

Plaintiff, Maureen Pregoni ("Plaintiff") brings this action against Defendants The TJX Companies, Inc. and HomeGoods, Inc., d/b/a HomeGoods ("Defendants") alleging employment discrimination in violation of federal and state law. The matter is currently before the Court on Plaintiff's motion to amend her complaint.

### Background

On September 13, 2011, Plaintiff filed her action in Rhode Island Superior Court. Defendants removed the case to this Court on September 21, 2011. Defendants answered the complaint on October 17, 2011. Defendants state that on January 3, 2011, Plaintiff responded to Defendants' interrogatories. Defendants deposed Plaintiff on January 5, 2012. On January 11, 2012, Plaintiff filed the motion to amend that is now before the Court. Discovery closes on June 4, 2012.

Defendants contend that the Court should deny the motion to amend because it is untimely, severely prejudicial, and futile. Plaintiff argues that the amendment does not materially alter the complaint and simply clarifies Plaintiff's factual assertions.

1

## Analysis

Leave to amend is to be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "That is not to say, however, that a district court lacks authority to deny a request to amend. In appropriate circumstances – undue delay, bad faith, futility, and the absence of due diligence on the movant's part are paradigmatic examples – leave to amend may be denied." Palmer v. Champion Mortgage, 465 F.3d 24, 30 (1st Cir. 2006). In evaluating a motion to amend, a court is required to "examine the totality of the circumstances and to exercise its informed discretion in constructing a balance of pertinent considerations." Id. at 30-31.

Plaintiff moved to amend her complaint approximately four months after she filed her original complaint and some three months after the complaint was answered. The Court finds that the four months between the filing of the original complaint and the motion to amend is not so protracted a period of time under these circumstances as to be characterized as undue delay. See generally Guest-Tek Interactive Entertainment Inc. v. Pullen, 731 F. Supp. 2d 80 (D. Mass. 2010) (eight month time frame from the filing of the initial complaint to the filing of the amended complaint is not sufficient to deny motion to amend on the basis of undue delay alone); see also Grant v. News Group Boston, Inc., 55 F.3d 1 (1st Cir. 1995) (fourteen-month time frame between filing of original complaint and motion to amend is considerable).

Defendants also contend that they will be severely prejudiced if Plaintiff is allowed to amend because the amended complaint adds a new argument claiming that Defendants did not uniformly enforce their policies regarding employee fraternization. Defendants proffer that they did not have an opportunity to explore that argument during Plaintiff's deposition or in written discovery.

In her original complaint Plaintiff alleged that she was terminated for the "pretextual reason of '[v]iolation of [r]ules' ([f]raternization and [i]mproper behavior[])." Docket 1-1; Complaint at ¶ 23. Defendants' assertions notwithstanding, the original complaint suggests a theory of inconsistent enforcement of Defendants' policies. The original complaint alleges that Plaintiff reported to Defendants, verbally and in writing, what she believed was inappropriate sexually orientated behavior between two subordinates, an adult and a minor. While the original complaint does not elaborate on the conduct; i.e., it does not state whether the adult had a supervisory role over the minor, or Defendants' response to Plaintiff's report, it does allege that "[u]pon reasonable information and belief, no remedial action against any of the employees cited in Plaintiff's report was taken." Id.; Complaint at ¶ 25. Consequently, the Court finds that the theory of inconsistent application of employment policies was raised in the original complaint. Should Defendants choose to engage in additional discovery on this point they will have ample time to conduct such additional discovery. See generally TIG Insurance Co. v. Century Indemnity Co., No. 08 Civ. 7322 (JFK)(THK), 2009 WL 959653 at * 3 (S.D.N.Y. April 8, 2009) (the "adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading[]") (internal quotation marks and citation omitted).

## Conclusion

For the reasons outlined above, Plaintiff's motion to amend is granted. Plaintiff shall file her amended complaint forthwith.

SO ORDERED.

/s/ Mary M. Lisi
Mary M. Lisi
Chief United States District Judge
February 9, 2012